AULTMAN *et al. v.* FLEMING.*

(Division B.    June 6, 1927.)

[113 So. 200.    No. 26530.]

1. TAXATION. *Tax title held not void, because assessor did not swear to assessment roll, where board of supervisors thereafter corrected and approved roll (Hemingway's Code, section 6926; Laws 1918, chapter 135).*

   In view of Hemingway's Code, section 6926 (Code 1906, section 4292), providing assessor's failure to certify assessment roll shall not affect validity of assessment, if roll is approved by board of supervisors, tax title *held* not void, because assessment roll was not sworn to by assessor, where the assessmest roll was corrected and approved by board of supervisors acting under Laws 1918, chapter 135.

2. TAXATION. *Law, changing scheme of equalizing assessment, and publishing notice superseding previous laws in conflict therewith, is controlling (Laws 1918, chapter 135).*

   Laws 1918, chapter 135, relative to equalizing assessment and publishing notice thereof, supersedes all previous laws in conflict therewith as to assessment and equalization by state tax commission and boards of supervisors, and is controlling.

3. TAXATION. *That assessment roll was not marked filed cannot prevail over undisputed facts showing filing with clerk of board of supervisors.*

   The fact that assessment roll on which tax sale was based was not marked filed cannot prevail over undisputed facts showing that it was filed with clerk of board of supervisors, as required by law.

4. TAXATION. *Tax title will not be held void for failure to publish notice, where record shows publication under controlling law (Laws 1918, chapter 135; Hemingway's Code, section 6937).*

Where record discloses that notice of tax sale was published by order of supervisors, under Laws 1918, chapter 135, superseding the old law, tax title pursuant thereto will not be held void because of failure to publish notice, required by Hemingway's Code, section 6937 (Code 1906, section 4303).

---

*Corpus Juris-Cyc References: Taxation, 37Cyc, p. 1062, n. 67; p. 1064, n. 77; p. 1075, n. 54 New; p. 1479, n. 88; p. 1518, n. 66.

APPEAL from chancery court of Lawrence county.

HON. T. P. DALE, Chancellor.

Suit by E. W. Fleming against York Aultman and others. Decree for plaintiff, and defendants appeal. Affirmed.

*C. E. Gibson* and *G. Wood Magee,* for appellants.

The assessment under which the tax sale was made in this case was void, since the assessor neither made affidavit to nor filed this assessment roll. If the assessment was invalid, the tax sale is also invalid. Section 4292, Code of 1906 (section 6926, Hemingway's Code) seems to relieve an assessment roll of any invalidity on account of not being sworn to, but this section does not in any way relieve such assessment of its invalidity on account of not being filed.

Section 4303, Code of 1906 (section 6937, Hemingway's Code) requires the assessor to give notice of the returning and filing of the assessment roll.

In *Smythe et al.* v. *Whitehead,* 97 So. 529, 133 Miss. 184, this court construing the above section, held that the notice must be given by the assessor and could not be given by any one not authorized by law to give the same, and a notice by the clerk of the board was a noncompliance therewith.

The appellee did not offer the assessment roll in evidence and, therefore, the decree in this case confirming

the sale for taxes was not and could not be based upon an assessment roll at all. Notwithstanding that appellee did not offer in evidence the assessment roll, this record shows that it was not sworn to by the assessor, nor filed by the chancery clerk; and for this reason could not have been offered in evidence over the objection of appellant.

*Shelby* v. *Burns,* 112 So. ——, is in point here on the question of filing the assessment roll, so as to identify the same as the assessment roll under which the sale was made. We submit that sections 6962 and 6966, Hemingway's Code, do not cure the invalidity in the tax sale involved in this case. *Womack* v. *Central Lbr. Co.,* 131 Miss. 201.

Section 3, chapter 135, Laws of 1918, is mandatory, and a failure to comply with the requirements of this law renders the assessment roll void and the sale made thereunder void.

*John H. Arrington,* for appellee.

Appellant seeks to invalidate the assessment and roll for 1919-1920, because the assessor failed to give the notice required by section 4303, Code of 1906. This prerequisite was duly complied with by the board of supervisors by order duly spread upon its minutes and actually published. *State* v. *Wyoming Mfg. Co.,* 103 So. 11, deals with chapter 135, Laws of 1918, and chapter 323, Laws of 1920, and upon the effect of the repeal of the various sections of the Code of 1906 in the new scheme of taxation.

This requirement that the assessor make an affidavit and append to his roll, etc., was brought forward in chapter 135, section 3, Acts of 1918, and also in section 3, chapter 323, Laws of 1920.; but, surely, it can be but directory and not all mandatory, for the oath of office and the bond of the assessor would require that he perform his official duty when that specific duty is taking the assessments and making and completing the roll or rolls.

147 Miss.—9.

Here, we submit, the assessments and rolls, both real and personal, having been completed by the assessor and delivered by him to the clerk of the board of supervisors at the time and place required by law, and the board of supervisors having done this by order spread on its minutes, the condition in section 4292, Code of 1906 (section 6926, Hemingway's Code) has been met fully and strictly complied with.

It is the act of the board of supervisors, by order or orders duly spread on its minutes at the proper time and in the proper place and in its legal capacity as such board of supervisors, that named and legalized the acts and assessments made and contained in the assessment roll for real property for the years 1919-1920, and not the appended "affidavit" of the assessor or the mere marking of the word *"Filed"* on the roll by the clerk.

The third assignment of error is also without merit. While the statute prescribed the form of the notice to be issued by the clerk, etc., directs how it shall be served on resident and non-resident whose lands have been sold for taxes, yet it expressly states, "Nor shall a failure to give the notice required by this act affect or render the title void." See section 4333, Code of 1906 (section 6967, Hemingway's Code).

HOLDEN, P. J., delivered the opinion of the Court.

This suit is to confirm the tax title to certain land sold in 1921 for taxes due for the year 1920 upon an assessment made in 1919.

The appellant York Aultman contends that the tax title in question is void, because, first, the assessment roll for the year 1919 was not sworn to by the assessor when he filed it, and for that reason the sale was void. We do not think there is any merit in the contention, because section 4292, Code of 1906 (section 6926, Hemingway's Code), provides that the failure of the assessor to certify and swear to his assessment roll shall not affect

the validity of his assessment, if the assessment roll is approved by the board of supervisors. And the record in this case discloses that the assessment roll was filed, or lodged, with the clerk of the board of supervisors, and the board received, corrected, and approved the roll for the year 1919, by an order duly spread upon its minutes, and directed the clerk to file the roll according to law, and to publish notice to the taxpayers of the county that the roll had been received, examined, corrected, and equalized; that after its approval by the board notice was duly published in a newspaper in the county for the full time required by law; and it further appears that, acting under chapter 135 of the Laws of 1918, the board of supervisors equalized and approved the roll on file in its office as the assessment roll for the year 1919, after having received it from the state tax commission.

The scheme of equalizing assessment and publishing notice thereof was changed by chapter 135 of the Laws of 1918, which supersedes all previous laws in conflict therewith as to the assessment and equalization by the state tax commission and boards of supervisors, and is controlling. *State* v. *Wyoming Manufacturing Co.*, 138 Miss. 249, 103 So. 11.

The second contention of appellant is that the tax title involved is void, because the assessment roll for the year 1919 was not filed as required by law. This position is not maintainable, because the record shows that the assessment roll for the year 1919 was filed, or lodged, with the clerk of the board of supervisors, and that it was identified, and sufficiently established, by the clerk of the board of supervisors as the assessment roll for that year, and was regularly approved by the board upon its minutes; that it was one of the records of the office of the board of supervisors in the custody of the clerk, and it identified itself as the assessment roll of the county, passed upon by the state tax commission, and subsequently equalized and approved by the board, and due notice thereof published, as required by law.

The fact that the assessment roll was not marked "filed" cannot prevail over the undisputed facts in the record, that it was filed with the clerk of the board of supervisors as required by law; and the proof in the case shows that the land involved here was assessed upon the roll for the year 1919, which roll had been duly approved according to law.

The third contention of the appellant, that the tax title is void because the assessor did not publish the notice as required by law, is untenable, because the record discloses the fact that notice was published for the full time required by the statute. It was not published by the assessor as required by section 4303, Code of 1906 (section 6937, Hemingway's Code), but was published by order of the board of supervisors, as provided by chapter 135 of the Laws of 1918, which supersedes the old statute, and is controlling. *State* v. *Wyoming Mfg. Co., supra.*

Counsel for appellant cite the *Shelby-Burns case,* 112 So. —, decided by this court recently, but still pending on suggestion of error, to support the view that an assessment roll, of a municipality, must be filed and identified before a sale thereunder can be valid. The case mentioned, in our opinion, is not in point, for obvious reasons. But that case has not been finally decided by this court, and the decision referred to may yet be changed. But, if it should finally be held to be the law that the roll must be marked "filed," and identified, the Shelby-Burns case would not control here, for in the instant case the county assessment roll in question was established and identified by the clerk of the board of supervisors, and was one of the records on file in that office, and it identified itself as the assessment roll for the year 1919.

For the reasons set out above, we think the lower court was correct in confirming the tax title, and the decree is affirmed.

*Affirmed.*